[Civ. No. 1763.   Fourth Appellate District.—February 4, 1936.]

CONTINENTAL CASUALTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and GEORGE GLANTZ, Respondents.

Keith & Creede for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

MARKS, J.—This is a companion case to one bearing the same title and our Civil Number 1762, which involved the claim of George Glantz for compensation for injuries received on July 21, 1932 (*ante*, p. 619 [54 Pac. (2d) 753]). The instant case involves the application of Glantz for compensation for injuries received in an accident on December 15, 1934. The facts of both cases are sufficiently set forth in our opinion in the other case and we do not need to repeat them here. We there disposed of petitioner's contention that both proceedings are barred by the provisions of section eleven of the Workmen's Compensation Insurance and Safety Act of 1917. (Stats. 1917, p. 831.) ▆ There remains for us to here consider the contention of petitioner that, as the Industrial Accident Commission made an award in each proceeding allowing Glantz compensation for but one compensable injury, there is a double award for a single injury.

In the proceeding under review in the instant case involving the injury suffered on December 15, 1934, the commission found that the injury caused Glantz "no disability from labor up to the time of the hearing herein". This finding is supported by competent and material evidence and must be accepted by us as true. It is clear from the record in both cases that all that the commission intended to accomplish was to furnish Glantz with the necessary hospital, medical and surgical attention and care necessary to join the two edges of the fractured bone, and compensation during the disability resulting from the operation. The injury of December 15, 1934, was not serious and resulted in no loss of time or pay. Of itself it is not a compensable injury. There is but one broken bone to repair and Glantz is entitled to but one compensatory award and that for the injury of July 21, 1932. That is fully taken care of in the award of the commission in the proceeding involving that injury. Any further award in the instant case is unnecessary, if not improper.

The award in the instant case, involving the accident of December 15, 1934, and bearing Claim Number 47318 of the Industrial Accident Commission, is annulled.

Barnard, P. J., and Jennings, J., concurred.